UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Maxum Indemnity Company, | ) | Civil Action No.: 4:18-cv-00742-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Biddle Law Firm, PA, and | ) | |
| James Marshall Biddle, individually, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Summit Shores Lender, LLC, and | ) | |
| Chicago Title Insurance Company, | ) | |
| | ) | |
| Proposed Intervenor-Defendants. | ) | |
| _____ | ) | |

Maxum Indemnity Company ("Plaintiff") filed this declaratory judgment action against Biddle Law Firm, PA and attorney James Marshall Biddle ("Defendants") seeking a declaration that it has no duty to defend or indemnify Defendants in a legal malpractice lawsuit pending in state court. The plaintiffs in that malpractice suit—Summit Shores Lender, LLC ("Summit Shores") and Chicago Title Insurance Company ("Chicago Title") (collectively, "Movants")—have filed a motion seeking to intervene as of right in the instant action. The Court grants the motion for the reasons herein.[1]

## **Background**[2]

In 2014, Plaintiff issued a professional liability insurance policy to Defendant Biddle Law Firm, PA; Defendant James Biddle, the sole owner of the firm, is insured under the policy. Complaint [ECF

---

[1] The Court decides the motion to intervene without a hearing pursuant to Local Civil Rule 7.08 (D.S.C.).

[2] The relevant facts and procedural history are extensively set forth in the parties' briefs, pleadings, and exhibits. The Court briefly summarizes the background here.

No. 1] at ¶¶ 4, 8, 21–24; Answer [ECF No. 12] at ¶¶ 2, 5; *see* ECF No. 1-3 (policy).

In 2016, Movants sued Defendants in state court alleging claims for legal malpractice, negligence, negligent misrepresentation, and breach of fiduciary duty. Compl. at ¶ 26; *see* ECF Nos. 1-5 & 8-2 (state court complaint). That lawsuit is captioned "*Summit Shores Lender, LLC and Chicago Title Insurance Co. v. James Marshall Biddle and Biddle Law Firm, P.A.*" and, generally speaking, involves Defendants' allegedly negligent actions in a mortgage foreclosure proceeding (including their closing of a loan provided by Summit Shores, the issuance of a title insurance policy by Chicago Title, and the disbursement of the loan proceeds). Before Movants filed suit, Defendant James Biddle had filed for bankruptcy, and the bankruptcy court had authorized Movants to prosecute their claims against him and/or his firm and seek enforcement of any judgment or settlement "solely through the application of the proceeds of any available insurance."[3] *See* ECF No. 8-5 (bankruptcy court order).

**On March 16, 2018**, Plaintiff filed the instant action seeking a declaration that it has no duty to defend or indemnify Defendants in the pending state-court malpractice suit, as well as rescission of the policy.[4] *See* ECF No. 1. Plaintiff alleges the policy should be rescinded due to certain material misrepresentations made by Defendants in connection with the insurance application. *Id.*; *see* ECF No. 1-2 (application) & 1-1 (Biddle affidavit in prior suit).

**On April 24, 2018**, Movants filed the instant motion to intervene as of right pursuant to Fed.

---

[3] The bankruptcy case was closed the next day. *See In re Biddle*, No. 16-03543-dd, at ECF No. 31 (filed Nov. 4, 2016). Notably, the bankruptcy court order referenced above provided "that any judgment shall not be a personal liability of Debtor nor shall any judgment attach to Debtor's property" and "that the [bankruptcy] [c]ourt retains jurisdiction over this matter, whether or not the bankruptcy case be closed, until the resolution of the State Court Action." ECF No. 8-5 at p. 2.

[4] Plaintiff also seeks a similar declaration regarding a pre-suit notice of claim involving the mortgage foreclosure proceeding, which Plaintiff received from the attorney who is representing Defendants' former clients. *See* ECF No. 1-4 (pre-suit notice of claim). The Court is simultaneously entering a Text Order with this Order relating to the pre-suit notice of claim involving potential other parties/entities that may have a "significantly protectable interest" in the instant proceeding. *See* ECF No. 25.

R. Civ. P. 24(a), as well as a proposed answer.[5] *See* ECF No. 8. Plaintiff filed a response in opposition to the motion, and Movants filed a reply. *See* ECF Nos. 10 & 11. Defendants have not responded to the motion, but they have filed an answer asserting Plaintiff's claims for declaratory relief and rescission should be denied. *See* ECF No. 12; *see also* ECF No. 20 (subsequent notice of appearance of counsel for Defendants).

## **Discussion**

Movants seek to intervene as defendants pursuant to Fed. R. Civ. P. 24(a)(2), which provides for "intervention of right" and requires a court to permit such intervention for anyone who files a timely motion and "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).[6] "[L]iberal intervention is desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process." *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (internal quotation marks omitted).

"[T]o intervene as a matter of right under Rule 24(a), a movant generally must satisfy four criteria: (1) timeliness, (2) an interest in the litigation, (3) a risk that the interest will be impaired absent intervention, and (4) inadequate representation of the interest by the existing parties." *Scott v. Bond*, 734 F. App'x 188, 191 (4th Cir. 2018); *see Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir.

---

[5] *See* Fed. R. Civ. P. 24(c) ("A motion to intervene . . . must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.").

[6] As Plaintiff correctly observes, *see* ECF No. 10 at p. 3 n.3, Movants have not sought permissive intervention under Rule 24(b), and therefore the Court does not consider permissive intervention. *See generally* Fed. R. Civ. P. 24(b) (permissive intervention); *see, e.g.*, *Matter of Richman*, 104 F.3d 654, 659 n.7 (4th Cir. 1997) ("*Permissive intervention* under Rule 24(b)(2) is not an issue, as the Richmans moved to intervene of right.").

1999) (listing these same four criteria). Movants assert they satisfy all four requirements, and the Court agrees.

A.   **Timeliness**

"In order to properly determine whether a motion to intervene in a civil action is sufficiently timely, a trial court in this Circuit is obliged to assess three factors: first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt v. EPA*, 758 F.3d 588, 591 (4th Cir. 2014). "[T]imeliness is a cardinal consideration of whether to permit intervention . . . ." *Moore*, 193 F.3d at 839 (internal quotation marks omitted).

Movants promptly filed their motion to intervene approximately one month after Plaintiff commenced this action. *Compare* ECF No. 1 (complaint filed Mar. 16, 2018), *with* ECF No. 8 (motion to intervene filed Apr. 24, 2018). Besides Defendants filing an answer and counsel appearing on their behalf, *see* ECF Nos. 12 & 20, no other activity has occurred in this case. Most of the deadlines in the current scheduling order have not yet expired, and therefore any resulting delay due to intervention is minimal. *See* ECF No. 23 (setting discovery deadline as July 16, 2019, and dispositive motions deadline as July 31, 2019). Accordingly, the Court finds the motion to intervene is timely.[7]

B.   **Interest in the Litigation**

"Rule 24 does not specify what type of interest a party must have to intervene as a matter of right, but the Supreme Court has recognized that '[w]hat is obviously meant is a significantly

---

[7] Regarding timeliness, Plaintiff argues it "will be prejudiced by the [Movant]s' entry into this insurance coverage matter" because intervention "will increase the time and expense of this litigation." ECF No. 10 at p. 5. However, as indicated above, prejudice bears on the timeliness criteria if there is "any resulting delay" from "***belated*** intervention." *Alt*, 758 F.3d at 591 (emphasis added). As indicated above, Movants' request for intervention is not "belated."

4

protectable interest.'"[8] *JLS, Inc. v. Pub. Serv. Comm'n of W. Virginia*, 321 F. App'x 286, 289 (4th Cir. 2009) (alteration in original) (ellipsis omitted) (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971), and *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991)). Regarding the "significantly protectable interest" requirement, the Fourth Circuit has stated:

> Whether an interest contingent upon the outcome of other pending litigation constitutes a "significantly protectable interest" has been the source of much disagreement. Some courts have concluded that an intervenor must demonstrate more than "a mere provable claim" in order to be entitled to intervention of right, *see Independent Petrochemical Corp. v. Aetna Casualty & Sur. Co.*, 105 F.R.D. 106, 110 (D.D.C. 1985), while **others have allowed intervention in a dispute between an insurer and its insured even when the intervenor's interest is contingent on the outcome of other litigation. *See New Hampshire Ins. Co. v. Greaves*, 110 F.R.D. 549 (D.R.I. 1986); *Hartford Acc. & Indem. Co. v. Crider*, 58 F.R.D. 15, 17 (N.D. Ill. 1973). <u>We find the reasoning of this latter authority persuasive.</u>**

*Teague*, 931 F.2d at 261 (bold emphasis added).

In this case, Plaintiff seeks a determination that it has no duty to indemnify or defend Defendants in the underlying malpractice action brought by Movants. The judgment in this case will determine whether the insurance policy issued by Plaintiff covers Movants' claims against Defendants and whether Plaintiff even has to provide a defense in the state-court action. Although Movants' "interest is

---

[8] Plaintiff incorrectly contends Movants must have a "*legally* protectable interest" and lack one because they are not parties to the insurance contract. ECF No. 10 at pp. 6–10 (emphasis added). The correct standard is a "*significantly* protectable interest," as the Fourth Circuit reiterated in 2009 when quoting the binding precedents of *Donaldson* and *Teague*. *See JLS*, 321 F. App'x at 289 ("'[W]hat is obviously meant is a significantly protectable interest.'" (ellipsis omitted) (quoting *Donaldson*, 400 U.S. at 531, and *Teague*, 931 F.2d at 261); *see also Francis v. Chamber of Commerce*, 481 F.2d 192, 195 n.7 (4th Cir. 1973) (quoting *Donaldson* and recognizing a movant must "allege[] a significantly protectable interest in the litigation in this case so as to come within the interest requirement of Rule 24(a)"); *United States v. Hieke*, 232 F.3d 891, 2000 WL 1578320 (4th Cir. 2000) (quoting *Teague* and recognizing Rule 24(a)(2) requires a "significantly protectable interest"). The Supreme Court has also reiterated the *Donaldson* standard by explaining "an interest under Rule 24(a)(2), which provides for intervention as of right, requires a 'significantly protectable interest.'" *Diamond v. Charles*, 476 U.S. 54, 68 (1986) (internal footnote omitted) (quoting *Donaldson*, 400 U.S. at 531).

5

contingent on the outcome of" the litigation in state court, it is "significantly protectable" per *Teague*.[9] *See* 931 F.2d at 261; *see, e.g.*, *Greaves & Crider*, *supra* (similarly finding "significantly protectable interests").

## C. Risk of Impairment Absent Intervention

The third requirement for intervention of right requires a showing that "disposition of the action may practically impair or impede the movant's ability to protect [its] interest." *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 120 (4th Cir. 1981). This requirement is one of "practical impairment." *Feller*, 802 F.2d at 730; *see TPI Corp. v. Merch. Mart of S.C., Inc.*, 61 F.R.D. 684, 688 (D.S.C. 1974) ("Literally, Rule 24(a)(2) requires a practical impairment of the ability to *protect* an interest and not a practical impairment of the ability to *assert* an interest.").

When addressing the practical impairment requirement in *Greaves*, *supra*, the district court observed:

> If the Taylors are not permitted to intervene in this [federal] action, they will likely find themselves without an adequate remedy even if they succeed in their state court action. The outcome of this suit between the insured and the insurer is of critical importance to the Taylors. The insurer seeks to invalidate the $300,000 liability insurance policy issued to Greaves' boat at the time of the collision. The present action by the insurer was evidently prompted by the accident and the potential claims against Greaves. If the insurer should prevail in the instant action, the Taylor's only recourse will be against the uninsured Greaves, who is without sufficient assets from which to satisfy any substantial judgment. While the possibility that a potential judgment may be more difficult to collect is not alone sufficient impairment to support intervention as of right, in this

---

[9] Arguably, Movants' interest is not just contingent but is definite because, as indicated above, Plaintiff seeks a determination that it does not even have to provide a defense in the state-court action. Such a determination will *definitively* impact Defendants' representation in state court, regardless of the outcome of that suit. Moreover, as Movants point out, Defendant James Biddle previously filed for bankruptcy (that case is now closed), and because of the bankruptcy court's order, Movants' sole source of recovery is "through the application of the proceeds of any available insurance"—i.e., the policy issued by Plaintiff. *See* ECF No. 8-5 (bankruptcy court order).

6

> instance the potential judgment may become impossible to collect. (Except through bankruptcy proceedings, which may of course produce inadequate funds).

110 F.R.D. at 552–53; *see Teague*, 931 F.2d at 261 (citing *Greaves* with approval).

Many of the same considerations discussed in *Greaves* are present here. In fact, as Movants indicate, their risk of impairment is heightened due to the effect of Defendant James Biddle's bankruptcy proceedings (which ended before this case began). The outcome of this case is critical to Movants because, even if they prevail in the state-court action, their sole source of recovery is through the professional liability policy issued by Plaintiff, as evidenced by the bankruptcy court's order. The Court concludes Movants have satisfied the "practical impairment" requirement for intervention.

### D.     Adequacy of Representation by Existing Parties

"[I]n the intervention context, it is the trial judge who is best able to determine whether . . . a proposed intervenor's interests are being adequately represented by an existing party pursuant to Rule 24(a)(2)." *Stuart v. Huff*, 706 F.3d 345, 350 (4th Cir. 2013). The "burden of showing an inadequacy of representation is minimal." *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976) (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)).

Plaintiff asserts Defendants adequately represent Movants' interest because they—Defendants and Movants—"share a common objective: to maximize insurance coverage." ECF No. 10 at p. 11. To support this argument, Plaintiff cites the following passage from *Westinghouse*, *supra*: "When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." 542 F.2d at 216. **However**, as the Fourth Circuit cautioned in *Teague* (decided after *Westinghouse*), the district court must "heed the Supreme Court's determination

that the burden on the applicant of demonstrating a lack of adequate representation '***should be treated as minimal***.'" 931 F.2d at 262 (emphasis added) (citing *Trbovich*, 404 U.S. at 538 n.10).[10] And as the Supreme Court further explained in *Trbovich*, the adequacy requirement "is satisfied if the applicant shows that representation of his interest '*may* be' inadequate." 404 U.S. at 538 n.10 (emphasis added).

Here, Movants have met their minimal burden of showing that Defendants' representation of Movants' interest may be inadequate. Defendant James Biddle declared for bankruptcy; the bankruptcy court ordered that Movants' sole source of recovery against him or his law firm is through "any available insurance," ECF No. 8-5; and therefore, he was relieved of any personal liability in the malpractice suit. Meanwhile, Defendant Biddle Law Firm, PA is solely owned by Defendant James Biddle. Given Defendants' financial status and their diminished liability, their defense may be less vigorous than Movants'. *See, e.g.*, *Teague*, 931 F.2d at 262 ("Given the financial constraints on the insureds' ability to defend the present action, there is a significant chance that they might be less vigorous than the [] Intervenors in defending their claim to be insureds under the [] policy."); *Greaves*, 110 F.R.D. at 553 ("Greaves apparently lacks the financial means and the motivation to incur the significant litigation expenses which a thorough defense of this action may require. He may not be as vigorous in his opposition of the insurer's attempt to invalidate the policy as the [intervenors] would like, since he retains the option of filing for bankruptcy if faced with personal liability for a substantial judgment.").

Moreover, even assuming *arguendo* that Movants have "the same ultimate objective as"

---

[10] *See also JLS*, 321 F. App'x at 289 ("When the party on whose side a movant seeks to intervene is pursuing the same result that the movant is urging, a presumption arises that the movant's interest is adequately represented, so that the movant must show adversity of interest, collusion, or nonfeasance. However, the movant need not show that the representation by existing parties will definitely be inadequate in this regard. Rather, he need only demonstrate that representation of his interest may be inadequate. For this reason, the Supreme Court has described the applicant's burden on this matter as minimal." (internal quotation marks and citations omitted)).

Defendants and thus that there is "a presumption . . . that [Movants'] interests are adequately represented," Movants have "demonstrate[d] adversity of interest." *Westinghouse*, 542 F.2d at 216; *see Crider*, 58 F.R.D. at 18 ("It is well settled that where the purported representative actually represents an interest adverse to that of the party seeking intervention, the representation is obviously not adequate."). Defendants in this case are defendants in the state-court malpractice suit brought by Movants (who are plaintiffs in that action), and consequently there is adversity of interest. *See, e.g.*, *Crider*, 58 F.R.D. at 18 ("Crider who is a defendant in the state lawsuit initiated by Santucci represents an interest adverse to Santucci's.").

Finally, the Court notes:

> Permitting [Movants] to intervene will create little or no interference with or complication of the litigation. The insurer, having brought the declaratory judgment action, is forced to present its case as to why the policy should be invalidated. Surely it runs counter to our notions of fairness and justice to find that the company would be harmed by being forced to face a stronger, more vigorous opposition. The role of this court and the judicial process is to reach a just and equitable resolution based on the facts, a task which can only be aided and served by the assistance of the strongest possible arguments by counsel.

*Greaves*, 110 F.R.D. at 552.

In sum, Movants have shown their interests are not adequately represented by the existing parties.

## **Conclusion**

The Court concludes Movants have satisfied the four criteria necessary for intervention of right under Fed. R. Civ. P. 24(a)(2). Accordingly, the Court **GRANTS** their motion to intervene [ECF No. 8]. The Court **DIRECTS** the Clerk to docket the proposed answer [ECF No. 8-6] as an operative

9

pleading and to **AMEND** the caption of this case to reflect that Summit Shores Lender, LLC and Chicago Title Insurance Company are "Intervenor-Defendants" in this action. The Court further **DIRECTS** the parties to submit a proposed consent amended scheduling order within five days of the date of this Order.[11]

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
January 17, 2019  R. Bryan Harwell
  United States District Judge

---

[11] As indicated in Footnote 4, the Court is simultaneously entering a Text Order with this Order relating to the pre-suit notice of claim involving potential other parties/entities that may have a "significantly protectable interest" in the instant proceeding. *See* ECF No. 25.